IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CARSTAR FRANCHISOR SPV LLC, as successor-in-interest to CARSTAR FRANCHISE SYSTEMS, INC.,<br><br>    Plaintiff<br><br>vs.<br><br>ALICE MOTOR COMPANY, LLC d/b/a CARSTAR COLLISION OF ALICE,<br><br>    Defendant. | Civil Action No. 2:19-CV-219 |

**COMPLAINT FOR MONETARY DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, CARSTAR Franchisor SPV LLC, as successor-in-interest to CARSTAR Franchise Systems, Inc. (hereinafter referred to as "CARSTAR"), for its Complaint against Defendant, Alice Motor Company, LLC d/b/a Carstar Collision of Alice, a Texas limited liability company (the "Defendant"), alleges and says as follows:

**BRIEF INTRODUCTION**

1. By this action, CARSTAR seeks to recover amounts owed by Defendant pursuant to the parties' written franchise agreement.

**THE PARTIES**

2. CARSTAR is a limited liability company organized and existing under the laws of the State of Delaware, with its offices and principal place of business located at 440 South Church Street, Suite 700, Charlotte, Mecklenburg County, North Carolina. CARSTAR acquired all rights, title and interest to the assets of CARSTAR Franchise Systems, Inc. including, without limitation, any and all rights, title and interest in the documents described below.

3. CARSTAR is a Delaware limited liability company and its sole member is Driven Systems, LLC. Driven Systems, LLC is a Delaware limited liability company and its sole member is Driven Brands Funding, LLC. Driven Brands Funding, LLC is a Delaware limited liability company and its sole member is Driven Funding HoldCo, LLC. Driven Funding HoldCo, LLC is a Delaware limited liability company and its sole member is Driven Brands, Inc. Driven Brands, Inc. is a Delaware corporation with its principal place of business located at 440 S. Church Street, Suite 700, Charlotte, North Carolina 28202-2059. Thus, for jurisdictional purposes, Driven Brands, Inc., and in turn, CARSTAR Franchisor SPV, LLC, is a citizen of both Delaware and North Carolina.

4. Defendant is a Texas limited liability company that maintains a registered office at 15110 N. Dallas Parkway, Suite 300, Dallas, Texas 75248, and previously operated its business at 2250 E. Main Street, Alice, Texas 78332. Defendant can be served by serving its Registered Agent Matthew K. Davis at 15110 N. Dallas Parkway, Suite 300, Dallas, Texas 75248. The members of Defendant are Peter L. Ganis and Teresa L. Ganis who reside in and are domiciled in Texas. Therefore, Defendant is a citizen of Texas.

## JURISDICTION AND VENUE

5. CARSTAR is headquartered in Mecklenburg County, North Carolina.

6. This Court has jurisdiction in this matter under 28 U.S.C. §1332 because the amount in controversy exceeds the value of $75,000, exclusive of interest and costs and this litigation is between citizens of different states.

7. This Court has *in personam* jurisdiction over Defendant because Defendant is a citizen and is domiciled in Jim Wells County, Texas. Moreover, Defendant conducts business in Texas.

8. Venue of this action in this judicial district and division is proper in accordance with 28 U.S.C. § 1391(b)(1) and (2) because Defendant is a resident of Texas and a substantial part of the events giving rise to CARSTAR's claim took place in Jim Wells County, Texas.

**GENERAL ALLEGATIONS**

*The Nature of CARSTAR's Business*

9. CARSTAR grants franchises to qualified persons to establish and operate automobile maintenance and repair centers under a standard, unique and uniform system developed by CARSTAR. Pursuant to written agreements, CARSTAR grants to those persons the right to use CARSTAR's federally-registered trade name, logo and other proprietary marks (the "CARSTAR System"), and provides other proprietary and confidential information described herein, provided the franchisees operate in accordance with CARSTAR's uniform, high quality standards.

10. CARSTAR details its proprietary and unique CARSTAR System in its operations manual by setting forth the CARSTAR System's uniform operational standards and product specifications, as well as the CARSTAR System's policies and procedures (the "Operations Manual").

11. Since its founding, CARSTAR remains engaged in the business of franchising CARSTAR facilities that utilize the CARSTAR System to specialize in automobile maintenance, repair, and other automotive products and services. As a result of the consistently high level of customer service arising from the use of its proprietary operating system and the substantial amount of money and effort invested in advertising over the CARSTAR System, CARSTAR enjoys a substantial amount of goodwill and a large pool of customers.

12. CARSTAR franchises and licenses the right to operate an automobile maintenance and repair facility using the CARSTAR System as detailed by the Operations Manual and displaying CARSTAR's trade names, service marks, and trademarks pursuant to the terms and conditions of its written franchise agreement.

13. Pursuant to CARSTAR's franchise agreements, every CARSTAR franchisee shall attend a training program designed to teach the Operations Manual to franchisees at CARSTAR's world headquarters and to operate its franchise in accordance with the standards, specifications, policies, and procedures set forth in the Operations Manual, including training regarding operations, advertising, accounting and specifications for inventory, supplies, equipment and signage.

14. CARSTAR consults and assists each franchised location by monitoring and assisting in the franchisee's compliance with CARSTAR's Operation Manual's stated standards, specifications, policies, and procedures. This consultation and assistance enables CARSTAR to safeguard the integrity of CARSTAR businesses across the country, as well as the CARSTAR System and those logos, symbols, trademarks, and service marks associated with CARSTAR by ensuring that franchisees are meeting or exceeding critical quality and service standards.

15. As a result of its substantial investments of time, money, and effort to develop and implement the CARSTAR System, CARSTAR has established a favorable reputation and a positive image with the public as to the quality of goods and services available at CARSTAR automobile maintenance and repair centers. This reputation, goodwill, and image have been, and continue to be, valuable assets of CARSTAR.

16. CARSTAR tries to maintain its positive reputation and image by, among other things: (i) carefully identifying and selecting authorized franchise owners, facilities, and locations; and (ii) monitoring franchise operations to ensure compliance with the CARSTAR System.

17. As partial consideration for CARSTAR's agreement to disclose the CARSTAR System and allow its franchisees to use the CARSTAR System and display CARSTAR's trade names, service marks, and trademarks, all franchisees agree to maintain and preserve full and accurate books, records, and accounts of their CARSTAR business for at least five (5) years from the dates of their preparation. In connection with such obligation, CARSTAR is permitted, at all reasonable times, to examine the books, records and tax returns of the business to ensure compliance with the terms and conditions of the franchise agreement.

18. CARSTAR's primary source of revenue from the operation of its business is derived from the payment of franchise royalties based on weekly sales reported by the franchisees. The substantial majority of CARSTAR's advertising budget on behalf of its franchisees is derived from the advertising contributions remitted to CARSTAR by its franchisees.

*CARSTAR's Protected Trademarks, Trade Dress, Logos, and Color Scheme*

19. Since its founding, CARSTAR has extensively used, caused to be advertised, and publicized throughout the United States certain distinctive color schemes, logos, and symbols as trademarks, service marks, and trade dress to identify the source, origin, and sponsorship of its system's facilities and services (the "CARSTAR Marks").

20. Among the CARSTAR Marks, CARSTAR owns the marks and, as applicable, related logo "CARSTAR Auto Body Repair Experts," "CARSTAR Solution," and "CARSTAR," United States Patent and Trademark Office Registration Numbers 4587468, 4390699, 3967803, 3744316, 2045406, and 1620391.

21. CARSTAR and its franchisees have continuously used and advertised CARSTAR's Marks throughout the United States since at least 1991. CARSTAR's Marks strongly distinguish its franchises from similar businesses and are widely known and recognized by consumers.

22. Each franchisee or licensee who so manufactures, distributes, or sells such goods and services does so in association with the name "CARSTAR" and the CARSTAR Marks.

23. CARSTAR was the first to adopt and use the CARSTAR Marks as trademarks and service marks. Since that time, CARSTAR and its franchisees have advertised, promoted, and publicized the CARSTAR Marks, as well as CARSTAR automobile maintenance and repair centers and CARSTAR's goods and services.

24. The substantial investment in advertising, promotion, and publicity, as well as in the development and implementation of the CARSTAR System, results in the CARSTAR Marks and the businesses, goods and services associated with those marks enjoying valuable goodwill, approval, and public recognition. As a result of this substantial investment, the CARSTAR Marks are strong and distinctive and have acquired a secondary meaning, as the consuming public associates CARSTAR's products and services with those items.

25. CARSTAR automobile maintenance and repair centers and those goods and services associated with the CARSTAR Marks are approved, recognized, and understood by the public to be produced, marketed, sponsored, or supplied by, and/or affiliated with CARSTAR. This approval, recognition, and understanding are valuable assets to CARSTAR.

26. CARSTAR's goods and services are offered and sold in interstate commerce and all goods and services lawfully manufactured, distributed, and/or sold in the United States under the name "CARSTAR," and the CARSTAR Marks, are manufactured, distributed, and/or sold pursuant to exclusive licenses granted by CARSTAR to approved franchisees.

27. All right, title, and interest in the CARSTAR Marks, as well as the design, decor, and image of CARSTAR automobile maintenance and repair centers, are owned by and remain solely vested in CARSTAR and/or its affiliates.

28. CARSTAR's franchise agreements contain a limited license to use and display the valuable and recognized CARSTAR Marks in connection with their CARSTAR facility. Such use and display is only authorized in prescribed manners and at such locations and times as are expressly detailed by CARSTAR.

29. In no event is a franchisee authorized to use or display the CARSTAR Marks after the expiration or termination of its franchise. Such unauthorized use is expressly prohibited under the terms of all CARSTAR franchise agreements. In addition, each franchisee promises and agrees as a condition of the franchise agreement to strict control and approval by CARSTAR over the quality of the goods and services offered by the franchisee, as well as the quality of advertising in connection with those goods and services.

*The Defendant's Franchise Agreement*

30. The Defendant was the owner and operator of a CARSTAR facility in Alice, Texas pursuant to a franchise agreement.

31. On or around August 3, 2015, Defendant and CARSTAR entered into that certain CARSTAR Franchise System Inc. Franchise Agreement, which granted Defendant the right to operate a CARSTAR facility at 2250 East Main Street, Alice Texas, 78332 (the "Center") for a period of five (5) years (the "Franchise Agreement"). A true and correct copy of the Franchise Agreement is attached hereto and incorporated herein as **Exhibit 1**.

32. On or around August 3, 2015, Defendant and CARSTAR entered into that certain Addendum to CARSTAR Franchise Systems, Inc. Franchise Agreement amending the Franchise

Agreement to, among other things, expand the territorial rights of Defendant and reducing the initial franchise fee to be paid by Defendant to CARSTAR (the "Addendum"). A true and correct copy of the Addendum is attached hereto and incorporated herein as **Exhibit 2**.

33. Among other things, the Franchise Agreement required the Defendant to: (i) offer a five (5) year warranty of work and reimburse and/or indemnify CARSTAR for any claims made on that warranty work; (ii) upon termination, cease operation of their facility; (iii) upon termination, cease using CARSTAR's Marks; (iv) upon termination, de-identify their facility as a CARSTAR facility; (v) upon termination, pay to CARSTAR all amounts owed pursuant to the respective franchise agreement, including lost profits for the remainder of the term; (vi) indemnify CARSTAR for any claims made against it in connection with the Defendant's ownership of its facility; and (vii) pay CARSTAR a monthly franchise fee. See **Exhibit 1,** §§ 6.K, 16.A, 16.B, 16.C, 16.G.1, 19.C.

34. In and around May 23, 2017, CARSTAR learned that Defendant intended to close down the operations of the Center which was in excess of three (3) years prior to the expiration of the Franchise Agreement. On May 23, 2017, CARSTAR sent Defendant a demand to comply with the Franchise Agreement explaining that closing down the Center would violate Section 2A of the Franchise Agreement ("Demand to Comply"). A true and correct copy of the Demand to Comply is attached hereto and incorporated herein as **Exhibit 3.**

35. Despite receiving the Demand to Comply, Defendant closed down the operation of the Center. Consequently, on June 8, 2017, CARSTAR sent its Notice of Termination of the Franchise Agreement to Defendant terminating Defendant's rights to utilize CARSTAR's intellectual property rights or otherwise operate the Center using CARSTAR Marks and

CARSTAR System ("Notice of Termination"). A true and correct copy of the Notice of Termination is attached hereto and incorporated herein as **Exhibit 4.**

36. In the Notice of Termination, CARSTAR also advised Defendant that the damages caused to CARSTAR from Defendant's breaches of the Franchise Agreement totaled $90,991.71.

37. To date, Defendant has failed to comply with the demand for payment included in the Notice of Termination.

*General Allegations*

38. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

39. CARSTAR has engaged the undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the terms of the Franchise Agreement.

**FIRST CLAIM FOR RELIEF**
**(Breach of Franchise Agreement Against Defendant)**

40. CARSTAR repeats and re-alleges paragraphs 1 through 39 above, as if fully set forth herein.

41. The Franchise Agreement is a valid and enforceable contract.

42. CARSTAR has performed all of the obligations required of it under the Franchise Agreement.

43. Despite CARSTAR's performance, Defendant has materially breached its obligations and promises under the Franchise Agreement by failing to operate the Center through August 3, 2020 and paying all of the royalties and other fees that would accrue had Defendant performed as promised.

44. As a direct and proximate cause of Defendant's failure and/or refusal to comply

with the terms of the Franchise Agreement, CARSTAR has directly and proximately suffered actual damages.

45. Accordingly, CARSTAR is seeking a judgment against Defendant for the total amount of the past due royalties, future lost profits, and any other balance owed.

## **SECOND CLAIM FOR RELIEF**
**(Attorneys' Fees)**

46. CARSTAR repeats and realleges paragraphs 1 through 39 above, as if fully set forth herein.

47. Section 23.J of the Franchise Agreement contains a provision that entitles CARSTAR to recover its reasonable attorneys' fees together with its court costs and expenses of litigation if it institutes and prevails in any action.

48. In accordance with the above-stated provision, CARSTAR is entitled to recover its costs and expenses to include its reasonable attorneys' fees should it prevail in this proceeding.

WHEREFORE, CARSTAR hereby respectfully requests that this Honorable Court enter judgment against Defendant for:

(a) All amounts due and owing under the Franchise Agreement, including past due royalties, interest, future lost profits, and any other balance owed;

(b) CARSTAR's reasonable attorneys' fees together with court costs and expenses of litigation pursuant to the Franchise Agreement; and

(c) For pre-judgment and post-judgment interest as may be allowed by law;

(d) For all other relief, at law or in equity, that this Honorable Court deems just and proper.

Dated: August 6, 2019.                    /s/ Antonio Ortiz
                                          Shelby A. Jordan
                                          State Bar No. 11016700
                                          Fed. Bar No. 2195
                                          Antonio Ortiz
                                          State Bar No. 24074839
                                          Fed. Bar No. 1127322
                                          **JORDAN, HOLZER & ORTIZ, P.C.**
                                          500 N. Shoreline Boulevard, Suite 900
                                          Corpus Christi, Texas 78401
                                          Telephone: 361-884-5678
                                          Fax: 361-888-5555
                                          sjordan@jhwclaw.com
                                          aortiz@jhwclaw.com
                                          **Counsel for Plaintiff**

                                          and

                                          Mitch Robiner *(Pro Hac Vice Pending)*
                                          FL State Bar No. 126705
                                          Dennis Leone *(Pro Hac Vice Pending)*
                                          FL State Bar No. 069401
                                          Shankman Leone, P.A.
                                          707 North Franklin Street
                                          Tampa, Florida 33602
                                          Telephone: 813-223-1099
                                          Fax: 813-223-1055
                                          Email: dleone@shankmanleone.com
                                          Email: mrobiner@shankmanleone.com
                                          **Attorney in Charge for Plaintiff**